**ALEXANDER PORTEUS v. THE MIAMI JOCKEY CLUB, INC., GREAT AMERICAN INDEMNITY COMPANY, and THE FLORIDA INDUSTRIAL COMMISSION.**

27 So. (2nd) 674                                         June Term, 1946
October 18, 1946                                             Division A

*Allen Clements,* for appellant.

*McKay, Dixon & DeJarnette, A. Lee Bradford,* for Miami Jockey Club, Inc., and Great American Indemnity Company, Appellees and *Raymond E. Barnes* for the Florida Industrial Commission.

TERRELL, J.:

The appellant was injured in an automobile accident in Dade County while in the employment of The Miami Jockey Club, Inc. The insurance carrier paid the claimant for medical attention and twenty-two dollars per week, accruing prior to the date of hearing before the Deputy Commissioner, to determine the amount of compensation that should be awarded him. At this hearing the carrier offered to pay the claimant $880.00, being the amount due him on the basis of 35% for permanent loss of use of his arm, in addition to $1,100.00 already paid. Claimant contended that he was entitled to compensation for injury to his shoulder, which was permanently disabled, and entitled him to the maximum limit of compensation under the law—$5,000.00.

The Deputy Commissioner found that claimant's injury was to the body and that he suffered a 50% permanent partial disability, which entitled him to 350 weeks compensation at the rate of $18.00 per week. The full Commission reversed the Deputy Commissioner and found that claimant's injury was to his body but that his bodily disability was only 20% and that 20% of 350 weeks equalled 70 weeks compensation due the claimant. On appeal the Circuit Court affirmed the finding of the full Commission and allowed the claimant 70 weeks compensation at $18.00 per week. This appeal is from the order of the Circuit Court.

It is first contended that the Workmen's Compensation Act, as of January 7, 1944, the date of the injury to claimant, did not permit a percentage award based on the number of weeks he was entitled to compensation. Such an award it is contended was not provided till the enactment of the 1945 Act.

The law in question is Section 440.15 (5) Florida Statutes Annotated. Prior to the 1945 Amendment it read as follows:

"(v) Other Cases: In all other cases in this class of disability the compensation shall be sixty per centum of the defference between his average weekly wages and his wage earning capacity thereafter in the same employment or otherwise, payable during the continuance of such partial disability, but subject to reconsideration of the degree of such impairment by the Commission on its own motion or upon application of

any party interested, provided, however, that such compensation shall be payable for a no longer period than three hundred and fifty weeks."

The 1945 Amendment changed it to read as follows:

"(v) Other Cases: In all other cases in this class of disability the compensation shall be sixty per centum of the injured employee's average weekly wage for such number of weeks as the injured employee's percentage of disability is of 350 weeks, provided that total compensation shall not exceed $5,000."

Casual inspection of the two provisions reveals no difference in the act so far as its application to this case goes. The 1945 Amendment was evidently for the purpose of clarification and to remove any room for controversy as to basis of computing injuries, such as has arisen in this case.

Other questions presented relate to an enlarged allowance for attorneys' fees for appellant and whether or not claimant's disability was a permanent partial disability to the arm or the body, and to what extent.

There was no dispute as to the injury; it was admitted. The Deputy Commissioner and the full Commission found that it was to the body, so the only real controversy is as to the basis of compensation. The full Commission and the Circuit Court allowed the claimant 70 weeks compensation at $18.00 per week. It was based on evidence that was afflicted with some immaterial conflicts, but we cannot say that the full Commission abused its discretion.

The judgment appealed from is affirmed.

Affirmed.

CHAPMAN, C. J., BUFORD and ADAMS, JJ., concur.